## GUARDIAN TRUST CO v
## ULMER INS AGENCY, INC et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12202. Decided Jan 18, 1932

Messrs. Tolles, Hoggsett & Ginn, Cleveland, for plaintiff in error.

Messrs. Ulmer, Berne & Gordon, Cleveland, for defendant in error.

### PER CURIAM

In the brief filed by the cross-petitioners acting as a committee for the bondholders, it is pointed out that the question whether or not there had been effected a forfeiture of the lease is seriously in dispute. We are of the opinion that a question so vital as to whether a forfeiture of the lease had been effected, could not be disposed of on a mere motion to vacate the order appointing a receiver.

We are also of the opinion that the Guardian Trust Co., Trustee, and lessor under the lease, was entitled as a matter of right to file its cross-petition setting forth that a forfeiture of the lease had been effected by the defaults of the lessee and that, therefore, the particular property covered by the lease should be restored to it, as owner in fee simple. Had the court allowed the application of the Guardian Trust Company to become a party, this vital claim of The Guardian Trust Company that there had been effected a forfeiture of the lease by and through default of the lessee, could be met by the lessee and the bondholders committee who dispute the assertion, by the filing of appropriate pleadings. In that event the court would be called upon under the pleadings and the evidence adduced, to determine the question whether a forfeiture had been effected.

It is our conclusion, therefore, that the action of the trial court overruling the motion to vacate the order appointing a receiver, should not at this time be disturbed, but that the Guardian Trust Company should be allowed to become a party in order to enable it to file its cross-petition asserting the claim of forfeiture and basing the prayer for relief for a restoration of property upon said assertion.

We hold that the trial court was in error when it refused the application of the Guardian Trust Co., to become a party. The judgment of the common pleas court is ordered reversed in that respect and the cause is remanded with instructions to the trial court to permit the Guardian Trust Co., to become a party.

LEVINE, PJ and WEYGANDT, concur.
VICKERY, J, not participating.